IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15-0056-CV-W-ODS |
| SOLARIS POWER SERVICES, LLC, GLEN SIMONS, KEVIN JOHNSON and ANITA JOHNSON, | ) ) ) ) | |
| Defendants. | ) | |

ORDER AND OPINION DENYING DEFENDANTS' MOTIONS
TO DISMISS OR TO STAY

Pending are two separate motions to dismiss or to stay the case. Both motions (Doc. # 20 and Doc. # 21) are denied.

I. BACKGROUND

In November 2013 Kevin and Anita Johnson filed suit against Solaris Power Services and Glen Simons in Jackson County Circuit Court. The suit arose out of injuries Kevin suffered while performing maintenance on electrical equipment at the General Motors Fairfax Assembly Plant in Kansas City, Kansas. The Johnsons' suit alleges Solaris was an electrical contractor responsible for insuring the equipment that Kevin was servicing had been turned off and de-energized. Simons was Solaris's agent at the time. The state court suit alleges Solaris and Simons were negligent in a variety of respects.

Plaintiff in this case – Cincinnati Specialty Underwriters Insurance Company, or "CSU" – issued a Commercial General Liability ("CGL") policy to Solaris. CSU alleges that Solaris and Simons have sought "coverage" under the policy, that it is defending Solaris and Simons under a reservation of rights, and that it owes no duty to defend or

indemnify. Amended Complaint, ¶¶ 12, 35-36. CSU asks the Court to declare the parties' rights and obligations and declare that the CGL policy "do[es] not provide coverage, including a defense or indemnification, to Simons and/or Solaris, for the liability asserted against them in the underlying lawsuit . . . ." Amended Complaint, page 16.

The Johnsons have filed a motion to dismiss or to stay. Solaris and Simons have filed their own motion seeking the same relief.

## II. DISCUSSION

### A.

Defendants have intimated CSU is forum shopping, and present this insinuation as both a reason to dismiss and a reason to award them costs. The Court rejects the insinuation.

CSU filed this suit in Michigan state court, choosing that forum because Solaris is a Michigan limited liability company. CSU voluntarily dismissed the suit; it says it dismissed the suit because the individual defendants (the Johnsons and Simons) contested personal jurisdiction. The Court credits this explanation because (1) Defendants do not deny it and (2) it seems plausible in light of subsequent events.

CSU tried again, this time in federal district court in Kansas. The Johnsons and Simons filed motions to dismiss, contending they were not subject to personal jurisdiction, and their motions were granted. CSU then voluntarily dismissed the suit as to Solaris.

To suggest CSU is "forum shopping" (as Defendants have) is an inappropriate use of the term. The Court finds nothing particularly untoward in what CSU has done, and is far more bothered by Defendants' insinuations that CSU has engaged in condemnable conduct. The Court further declares that it is not inclined to exercise its discretion under Rule 41(d) to order CSU to pay costs of the prior actions over and above any costs that have been imposed by the judges in the prior actions.

2

Defendants also contend CSU could have filed this suit in state court. True, but this could be said of practically any suit filed in federal court, and of every suit predicated on state law claims. The Court declines to attach negative meaning to CSU's decision to sue in federal court and not state court.

B.

Defendants contend the Court should exercise its discretion to dismiss the case because it seeks a declaratory judgment. Ordinarily, courts have a "virtually unflagging obligation" to entertain cases within their jurisdiction. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). A case seeking only a declaratory judgment provides federal courts with *some* discretion to dismiss, e.g., Wilton v. Seven Falls Co., 515 U.S. 277 (1955); Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), but that discretion is not as limitless and standardless as Defendants suggest. In fact, Brillhart and Wilton apply in full force only if there is a parallel state court proceeding. Royal Indemnity Co. v. Apex Oil Co., 511 F.3d 788, 793 (8th Cir. 2008); Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 998-99 (8th Cir. 2005).[1]

Here, there is no parallel proceeding in state court. A parallel suit is one involving substantially the same parties litigating substantially the same issues. CSU is not a party to the state court suit, and the state suit presents only the issue of Solaris's and Simons's liability to the Johnsons and does not present any issue regarding CSU's duties to defend or indemnify or provide an opportunity to interpret the insurance policy. Contrary to Defendants' suggestion, CSU cannot intervene in the state suit to interject these issues, e.g., Griffits v. Campbell, 426 S.W.3d 684, 688 (Mo. Ct. App. 2014) (and cases cited therein) – and even if CSU *could* intervene it has not, and the fact remains that the state suit is not parallel.

Scottsdale Ins. dictates consideration of several factors to guide when a federal court should abstain from resolving a declaratory judgment action when parallel proceedings are absent:

---

[1] Moreover, even when there are parallel proceedings the preferred course is to stay the federal action, not dismiss it. Royal Indemnity Co., 511 F.3d at 797.

3

1. Whether the federal suit will serve a useful purpose in clarifying and settling legal relations,
2. Whether the federal suit will terminate and afford relief from uncertainty,
3. The strength of the state interest in having the issue decided in state court,
4. Whether the issue can be more efficiently resolved in the state court,
5. Whether there will be unnecessary entanglement between the suits, and
6. Whether the declaratory judgment action is used for procedural fencing.

426 F.3d at 998. Here, the federal action will serve at least one purpose that cannot be served in the state-court action: ascertaining CSU's obligation to continue defending Solaris and Simons, thereby resolving uncertainty surrounding that issue. Indeed, CSU's obligation to defend is not, cannot be, and never will be raised in the tort suit, so there is no state interest to consider much less defer to. This observation also demonstrates there is no risk of entanglement with the state court proceedings because the issue will not be raised in state court, and this Court's resolution of the issue will not require examination of the underlying facts giving rise to the tort claims. "The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint. If the complaint merely alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend." Interstate Bakers Corp. v. OneBeacon Ins. Co., 686 F.3d 539, 542 (8th Cir. 2012) (quotation omitted). The absence of an opportunity for CSU to resolve its defense obligations in the state court suit and the clear distinction between the issues presented in the two cases issues dictate that the Court should, at a minimum, allow this claim to proceed.

CSU's duty to indemnify also is not raised in the underlying suit, although it could be raised in some future garnishment action if (1) the Johnsons prevail in the underlying tort suit and (2) CSU declines to indemnify. It could also be raised in a separate declaratory judgment suit filed by Defendants in state court (which they have threatened to file).[2] Regardless of what might happen in the future, there is presently no suit

---

[2]The Court expresses no opinion as to whether it would stay or dismiss this suit if Defendants file a declaratory judgment action in state court. A lot might depend on

4

permitting CSU to resolve its indemnification obligation. Nonetheless, the Court has other concerns that relate to issues of efficient judicial administration. "The duty to indemnify is determined by the facts as they are finally determined by some other means, for example through summary judgment or settlement" and can only be ascertained after the underlying suit against the insured is resolved. McCormack Baron Mgt.Servs., Inc., v. American Guarantee & Liability Ins., 989 S.W.2d 168, 173-74 (Mo. 1999) (en banc).[3] CSU's claims regarding its duty to indemnify are deemed ripe for determination despite the uncertainty of the existence, much less the basis, of Solaris's and Simons's liability. E.g., Scottsdale Ins. Co. v. Universal Crop Protectional Alliance, LLC, 620 F.3d 926, 934 (8th Cir. 2010). Nonetheless, the Court retains discretion to stay or defer consideration of CSU's claims regarding its duty to indemnify until the state court proceedings are completed and thereby provide the information McCormack Baron indicates is necessary to resolve those issues. However, the Court does not know enough about the underlying state suit (and in particular its progress) to ascertain whether a stay on this issue would be appropriate, and the case must proceed in any event to allow resolution of CSU's obligation to defend. The wisdom of staying the case can be revisited, if necessary, once the issues surrounding CSU's obligation to defend are resolved.

---

whether the Court believes any such case constitutes "procedural fencing," how much progress has occurred in this case and whether CSU removes any such suit to federal court based on diversity of citizenship.

    [3]The duty to defend is broader than the duty to indemnify, and depends on the existence of potential liability. E.g., Penn-Star Ins. Co. v. Grifffey, 306 S.W.3d 591, 596-97 (Mo. Ct. App. 2010); King v. Continental W. Ins. Co., 123 S.W.3d 259, 264 (Mo. Ct. App. 2003). Because the duty to defend is broader than the duty to indemnify, a determination that CSU owes no duty to defend would be tantamount to a determination that it also owes no duty to indemnify.

## III. CONCLUSION

The motions to dismiss or to stay are denied.

IT IS SO ORDERED.

|  |  |
|---|---|
| DATE: June 4, 2015 | /s/ Ortrie D. Smith<br>ORTRIE D. SMITH, SENIOR JUDGE<br>UNITED STATES DISTRICT COURT |